

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00801-CR

Francisco Javier **ESCAMILLA** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2020CRF000097D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: February 22, 2023

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed its sentence on March 23, 2021. Because appellant did not file a motion for new trial, the notice of appeal was due on April 22, 2021. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on May 7, 2021. TEX. R. APP. P. 26.3. Appellant did not file his notice of appeal until November 28, 2022. Because the notice of appeal was untimely filed in this appeal, this court ordered appellant to show cause in writing by

December 27, 2022, why this appeal should not be dismissed for lack of jurisdiction. Appellant did not file a response.

A timely notice of appeal is necessary to invoke a court of appeals's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals's jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *Id.* Accordingly, because appellant did not file a timely notice of appeal or request for extension of time to file a notice of appeal, this appeal is dismissed for lack of jurisdiction. *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

Moreover, after this court issued its December 13, 2022 show cause order, new counsel for appellant filed a notice of appearance and a motion for leave to file a response to the show cause order. However, since filing the motion for leave, appellant filed a motion to withdraw his notice of appeal and a motion to dismiss his appeal, signed by appellant and counsel.

PER CURIAM

DO NOT PUBLISH